WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Corzo,<br><br>        Plaintiff,<br><br>v.<br><br>Maricopa County Community College District, et al.,<br><br>        Defendants. | No. CV-15-02552-PHX-ESW<br><br>**ORDER** |

Pending before the Court is Defendants' fully briefed Motion to Partially Dismiss Second Amended Complaint (Doc. 17). Pursuant to Rule 12 (b)(6), Fed. R. Civ. P., Defendants seek dismissal of Counts II, III, and IV of Plaintiff's Second Amended Complaint (Doc. 16). Assuming as true all well-pled factual allegations set forth in Plaintiff's Second Amended Complaint and interpreting them in a light most favorable to the non-moving party, the Court finds that Plaintiff has sufficiently pled causes of action for wrongful termination, breach of contract, and breach of the covenant of good faith and fair dealing. Therefore, the Court will deny Defendants' Motion to Partially Dismiss Second Amended Complaint (Doc. 17) as set forth below.

## I. DISCUSSION

### A. COUNT II

In its Order (Doc. 15) filed June 14, 2016, the Court set forth the requirements of the Arizona Employment Protection Act ("AEPA") which an employee must demonstrate

in order to challenge a termination of employment.  The Court discussed the common law surrounding wrongful termination cases in Arizona, the legislative intent behind the passage of the AEPA, as well as an analysis of the AEPA under canons of statutory construction and common law principals of contract interpretation to delineate what Plaintiff must allege to set forth a cause of action for wrongful termination under the AEPA.  In short, to prevail on a wrongful termination claim for breach of contract under the AEPA, Plaintiff must allege breach of a written employment contract signed by both parties that meets either of two substantive requirements:  (1) the contract states that the employment relationship has a specified duration of time, or (2) the contract must expressly restrict the right of either party to terminate the employment relationship.  ARIZ. REV. STAT. § 23-1501 (A)(2).  There are three alternative methods to establish the existence of an employment contract that meets the signing requirement:  (1) the written contract must be signed by both parties, (2) the written contract must be signed by the party to be charged, or (3) the written contract must be included in an employment handbook, manual, or similar document that expresses an intent for it to be an employment contract.  *See White v. AKDHC, LLC*, 664 F. Supp. 2d 1054, 1062 (D. Ariz. 2009) (citing *NLRB v. A-Plus Roofing*, 39 F. 3d 1410, 1415 (9th Cir. 1994).

Here, Plaintiff alleges the breach of a written employment contract which expressly restricts the right of either party to terminate the employment relationship. (Doc. 16 at 57).  In order to satisfy the signing requirement of the AEPA, Plaintiff sets forth allegations of an employment handbook, manual, or similar document that expresses the intent for it to be an employment contract. (*Id*.)  Assuming as true all well-pled factual allegations of Plaintiff's Second Amended Complaint and drawing all reasonable inferences therefrom in Plaintiff's favor, the Court finds that Plaintiff has alleged sufficient facts in the Second Amended Complaint to support a cause of action for wrongful termination under the AEPA.

**B.  COUNTS III and IV**

In Counts III and IV Plaintiff alleges a claim for breach of contract and breach of

the implied covenant of good faith and fair dealing arising from Defendants' alleged improper acts and omissions which occurred during the parties' employment relationship unrelated to the alleged wrongful termination of Plaintiff's employment. The AEPA does not prevent an employee and employer from *further* defining their relationship *beyond* one of the two substantive requirements of sentence one and one of the three formalities of sentence two of Ariz. Rev. Stat. § 23-1501 (A)(2) necessary for a wrongful termination claim. The Court finds that the AEPA does not preclude Plaintiff from alleging that conduct other than the termination itself breached the employment contract and the covenant of good faith and fair dealing that Plaintiff states existed between the parties. Plaintiff has done so sufficiently in Counts III and IV. *See White*, 664 F. Supp. 2d at 1065 ("[A] viable claim for breach of the implied covenant may lie if a plaintiff is alleging conduct other than the termination itself breached the covenant.") (citing *Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1272 (9th Cir. 1990)). Plaintiff has alleged damages consistent with the claims set forth in Counts III and IV. The Court will deny the Defendants' Motion to Dismiss Counts III and IV.

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying Defendants' Motion to Partially Dismiss Second Amended Complaint (Doc. 17).

Dated this 7th day of November, 2016.

_____
Eileen S. Willett
United States Magistrate Judge