WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Corzo,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Maricopa County Community College District, et al.,<br><br>　　　　　　Defendants. | No. CV-15-02552-PHX-ESW<br><br>**ORDER** |

This Order sets forth the Court's rulings on Plaintiff's two pending Motions for Discovery Dispute Resolution (Docs. 131, 134).

## **I. DISCUSSION**

### A. Plaintiff's "Motion for Discovery Dispute Resolution Regarding Plaintiff's Request for Production" (Doc. 131)

Plaintiff's "Motion for Discovery Dispute Resolution Regarding Plaintiff's Request for Production" (Doc. 131) concerns Defendants' alleged failure to fully comply with Plaintiff's thirty-nine Requests for Production that Plaintiff served on Defendants in May 2017. Pursuant to extensions of time, Defendants provided their responses to the Requests for Production on September 5, 2017. (*Id.* at 2). On October 2, 2017, Plaintiff's counsel emailed defense counsel concerning discovery and other matters. (Doc. 86-1 at 35-36). The email states: "[T]here are multiple deficiencies in Defendants' recent discovery responses. In light of our focus on mediation, we will postpone sending you a letter identifying these deficiencies and offered compromises until after mediation,

if necessary." (*Id.* at 35). Plaintiff does not dispute that he waited until December 21, 2017 to formally propose via letter to defense counsel a resolution of the discovery issue. (Doc. 86-1 at 59-66).

Discovery in this matter closed on December 28, 2017. (Doc. 38). In an email sent on December 28, 2017 at 10:59 a.m. to defense counsel, Plaintiff's counsel stated that "As today is the last day of discovery, if we are unable to reach a compromise, I plan to file with the court a brief discovery dispute notice consistent with the court's order. We are each limited to a page-and-half. I will send our draft early this afternoon." (Doc. 86-1 at 73). In an email sent at 11:25 a.m., defense counsel replied:

> Pavneet is out of the office today and I have urgent several projects for other clients that I must attend to and complete today. . . .
>
> We simply do not have the bandwidth to agree to get a joint discovery motion on file with the court today (since you literally waited until the last minute) but we will accommodate you by scheduling a phone call.

(*Id.* at 72).

On December 28, 2017 at 9:35 p.m., Plaintiff unilaterally filed his "Motion for Discovery Dispute Resolution" (Doc. 86). Defendants responded on December 29, 2017, asserting that the Motion (Doc. 86) is untimely. (Doc. 89). Plaintiff replied on January 5, 2018. (Doc. 92). On January 31, 2018, the Court held oral argument on a number of pending motions. (Doc. 114). It denied Plaintiff's Motion (Doc. 86) without prejudice and granted leave to re-file it. (*Id.*).

On February 15, 2018, Plaintiff re-filed the Motion for Discovery Dispute Resolution (Doc. 131). In their Response (Doc. 139 at 3-4), Defendants reassert their argument that Plaintiff's Motion should be denied as untimely. In his Reply (Doc. 143 at 2), Plaintiff contends that the Motion is timely because it was filed on the last day of discovery.

The Scheduling Order provides that if the parties are unable to resolve any discovery dispute through personal consultation and sincere effort as required by LRCiv

1  7.2(j), then the parties "may jointly request Court assistance by filing a ***Joint Motion for***
2  ***Discovery Dispute Resolution***" that does not exceed three pages and sets forth a joint
3  statement of the discovery dispute. (Doc. 29 at 3-4) (emphasis in original). Plaintiff does
4  not dispute that he waited until December 28, 2017 to contact defense counsel regarding
5  the preparation of a joint motion for discovery conference. The Court finds that Plaintiff
6  failed to act diligently so as to facilitate compliance with the Scheduling Order's
7  requirement that a *joint* motion be brought concerning discovery disputes.

In addition, the Scheduling Order provides that "[a]bsent extraordinary circumstances, the Court will *not* entertain fact discovery disputes after the deadline for completion of fact discovery[.]" (*Id.* at 4) (emphasis in original). As Plaintiff did not file his unilateral Motion for Discovery Dispute Resolution (Doc. 86) until 9:35 p.m. on the last day of discovery, the Court was precluded from entertaining the discovery dispute until after the December 28, 2017 deadline expired. Indeed, the matter was not fully briefed until January 5, 2018. (Doc. 92). The record indicates that Plaintiff was aware of the discovery issue in October 2017. (Doc. 86-1 at 35-36). Further, the Court notes that Plaintiff did not mention any other outstanding discovery issues in his December 8, 2017 "Motion to Extend Deadline for Non-Expert Depositions" (Doc. 81) aside from the completion of non-expert depositions.[1]

The Court finds that Plaintiff failed to act with reasonable diligence with respect to filing his Motion for Discovery Dispute Resolution (Doc. 131). *See Gerawan Farming, Inc. v. Rehrig Pacific Company*, No. 1: 11–cv–01273–LJO–BAM, 2013 WL 492103, at *6 (E.D. Cal. Feb. 8, 2013) (denying as untimely motions to compel discovery that became fully briefed on the last day of discovery, explaining that "[b]y noticing the

---

[1] In the Motion (Doc. 81), Plaintiff proposed extending the deadline for completing all non-expert witness depositions from December 28, 2017 to February 12, 2018. Plaintiff asserted that "[a]n extension of the deadline for the limited purpose of taking the remaining non-expert depositions is essential to the just resolution of Plaintiff's claims." (*Id.* at 3). The Motion (*Id.* at 5 n.5) acknowledges the December 28, 2017 deadline for completing all discovery. Plaintiff assured that the granting of his Motion would not affect the dispositive motion deadline of March 14, 2018. (*Id.* at 1). The Court granted the Motion (Doc. 81). (Doc. 88).

hearings on their respective Motions to Compel for the last day of discovery, the Court is without the means to provide any effective relief prior to the discovery cutoff.[] The Court would be ordering discovery be conducted after the discovery cutoff date."). As Plaintiff has not shown the existence of extraordinary circumstances that would justify consideration of the discovery dispute after the expiration of the discovery deadline, the Court will deny Plaintiff's Motion (Doc. 131).[2]

### B. Plaintiff's "Motion for Discovery Dispute Resolution Regarding Original Electronic Version of Document and Its Metadata" (Doc. 134)

In his February 28, 2018 Motion, Plaintiff explains that in March 2017, he disclosed to Defendants a document entitled "District Information Technology Observations Report," dated March 6, 2013. (Doc. 134 at 1). Plaintiff deposed John Webster regarding the "District Information Technology Observations Report." Defendant Maricopa County Community College District ("MCCCD") states that it hired Mr. Webster to serve as MCCCD's interim head of Information Technology from approximately fall of 2012 through December 2013. (Doc. 142 at 2).

Plaintiff recounts that during Mr. Webster's deposition, Mr. Webster initially stated that he authored a document titled "District Information Technology Observations Report, March 6, 2013." (Doc. 144 at 2). Plaintiff explains that after a break during the deposition, "Dr. Webster changed one significant portion of his testimony when he stated he 'noticed' the date of March 6, 2013 on the exhibit and that he had authored 'a document similar to this, not this document per se.' Dr. Webster said the document he wrote was from March 2014, after his departure from the District in December 2013 . . .

---

[2] The Court further finds that Plaintiff's Motion (Doc. 131) is without merit. The party seeking to compel discovery "bears the burden of demonstrating that the information it seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017). Plaintiff has not met his burden of showing (i) that the documents not produced in accordance with the May 2017 Requests for Production are relevant and (ii) that Defendants' objections to the Requests for Production lack merit. After considering the factors set forth in Fed. R. Civ. P. 26(b)(1), the Court finds that the documents that Defendants have not produced in accordance with the May 2017 Requests for Production are not relevant and are not proportional to the needs of the case.

." (*Id.* at 2-3) (emphasis and footnote omitted).

Plaintiff further explains that after Mr. Webster's deposition, Defendants served a supplemental disclosure statement that included a copy of a document "that was identical to the ["District Information Technology Observations Report"] previously disclosed by the Plaintiff in all material aspects, including bearing the same date of March 6, 2013 at the top of each page." (*Id.* at 3) (emphasis omitted). Plaintiff notes that the "screenshot of metadata" disclosed by Defendants indicates that the copy of the "District Information Technology Observations Report" disclosed by Defendants was created at 8:52AM on 3/7/2014 and was "Last Printed" at 8:36AM on 3/7/2014, prior to the creation time. (Doc. 134 at 2). Plaintiff seeks the original electronic word file of the "District Information Technology Observations Report" disclosed by Defendants, with metadata intact, and a Rule 30(b)(6) deposition regarding how the document was located and the history of its disclosure, asserting that the "requested metadata will shed light on the actual creation date of the electronic word file as originally sent by Dr. Webster." (Doc. 144 at 4).

Defendant MCCCD explains that Mr. Webster sent the March 7, 2014 email after Mr. Webster separated from MCCCD. (Doc. 142 at 2). Defendants assert that "MCCCD does not have and never had possession, custody, or control over Webster's email account or his computer that was used to create the document in question and/or the email to which the document was attached." (Doc. 142 at 2-3). Defendants further state that "[f]ollowing Webster's deposition, undersigned Defense counsel was able to secure a **copy** of Webster's email sending the District Information Technology Observations Report to Lumm, the attached word document, and associated metadata and promptly provided it to Plaintiff's counsel." (*Id.* at 3-4) (emphasis added). Defendants do not state that they were able to secure the email and "District Information Technology Observations Report" in their native formats.

Federal Rule of Civil Procedure 26(e) imposes a continuing obligation to supplement initial disclosures made pursuant to Rule 26(a) whenever a party finds that

the initial disclosures were "incomplete or incorrect." This makes "the operation of Rule 26 the 'functional equivalent of a Standing Request for Production under Rule 34.'" *City & Cnty of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 220 (N.D. Cal. 2003) (citing Fed. R. Civ. P. 26(e) and *West's Federal Rules Decisions,* 1993 Advisory Committee Notes to Rule 26, 146 F.R.D. 401 at 631-632 (1993)).

A party is only obligated to produce during discovery those documents "which are in the possession, custody, or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). A party moving for an order compelling discovery has the burden of proving that the other party has possession, custody, or control of the requested item. *U.S. International Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Circ. 1989). A party cannot be compelled to produce documents or other items which do not exist. *See Steil v. Humana Kansas City Inc.*, 197 F.R.D. 445, 448 (D. Kan. 2000) (explaining that a party cannot be compelled to produce documents which do not exist or which the party does not possess or control); *Alexander v. F.B.I.*, 194 F.R.D. 305, 310 (D. D. C. 2000) (stating that "Rule 34 only requires a party to produce documents that are already in existence").

A copy of Mr. Webster's March 7, 2014 email attached to Plaintiff's Motion (Doc. 134-1 at 3) reflects that Mr. Webster used a yahoo.com email address, not a maricopa.edu email address or another address suggesting affiliation with MCCCD. Plaintiff has not produced evidence showing that Defendants have custody, possession, or control of Mr. Webster's March 7, 2014 email and "District Information Technology Observations Report" in their native formats. The Court will deny Plaintiff's Motion (Doc. 134).[3]

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Motion for Discovery Dispute Resolution

---

[3] The Court assumes arguendo that the Motion (Doc. 134) is not untimely. *See, e.g.*, *Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y. 2011) (finding that party's motion to compel supplementation under Fed. R. Civ. P. 26(e) was timely even though it was filed after the discovery deadline because the duty to supplement continues even following the close of discovery).

Regarding Plaintiff's Request for Production" (Doc. 131).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion for Discovery Dispute Resolution Regarding Original Electronic Version of Document and Its Metadata" (Doc. 134).

Dated this 9th day of April, 2018.

Eileen S. Willett
United States Magistrate Judge