WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Corzo,<br><br>        Plaintiff,<br><br>v.<br><br>Maricopa County Community College District, et al.,<br><br>        Defendants. | No. CV-15-02552-PHX-ESW<br><br>**ORDER** |

Pending before the Court are three Motions (Docs. 150, 153, 154) to preclude expert witness testimony. Plaintiff has moved to exclude Defendants' expert witnesses Timothy Gay, CPA and Charles Thompson. (Docs. 150, 153). Defendants have moved to preclude the testimony of Plaintiff's expert witness Mark Kelman. (Doc. 154).

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Court has a "gatekeeping responsibility" to ensure that expert testimony has "a

reliable basis in the knowledge and experience of [the relevant] discipline." *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 (1993)). The Supreme Court "heavily emphasizes that judges are entitled to broad discretion when discharging their gatekeeping function" related to the admission of expert testimony. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (citing *Kumho Tire*, 526 U.S. at 152). "[N]ot only must the trial court be given broad discretion to decide *whether* to admit expert testimony, it 'must have the same kind of latitude in deciding *how* to test an expert's reliability.'" *Id.* (quoting *Kuhmo Tire*, 526 U.S. at 152) (emphasis in original). If expert testimony is challenged, the party proffering the expert testimony must show by a preponderance of the evidence that the expert's testimony is admissible. *Daubert*, 509 U.S. at 592 n.10.

In applying Rule 702, the Ninth Circuit "contemplates a broad conception of expert qualifications." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) (emphasis, internal quotation marks, and citation omitted). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (citing *Daubert*, 509 U.S. at 596). Alternative or opposing opinions or tests do not "preclude the admission of the expert's testimony–they go to the *weight*, not the admissibility." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998) (emphasis in original). Further, "[d]isputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony." *Id.* (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)); *see also Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1142 (9th Cir. 1997) (fact that expert's opinions were based on data collected by others was immaterial to determining whether opinions were admissible).

In *Daubert*, the Supreme Court enumerated a number of factors to aid the trial court in its gatekeeping role: (i) whether the scientific knowledge can or has been tested;

(ii) whether the given theory or technique has been published or subjected to peer review; (iii) the potential or known error rate; and (iv) whether the theory or technique has gained general acceptance in the pertinent field. *Daubert*, 509 U.S. at 592-94. The court may consider any or all of the *Daubert* factors, depending on the "particular circumstances of the particular case at issue." *Kumho Tire Co.*, 526 U.S. at 150 ("[W]e can neither rule out, nor rule in, for all cases and for all time the applicability of the factors mentioned in *Daubert*.").

The Court considers four factors to determine if expert testimony will assist the trier of fact: "(i) whether the expert is qualified; (ii) whether the subject matter of the testimony is proper for the jury's consideration; (iii) whether the testimony conforms to a generally accepted explanatory theory; and (iv) whether the probative value of the testimony outweighs its prejudicial effect." *Scott v. Ross*, 140 F.3d 1275, 1285-86 (9th Cir. 1998) (citations omitted).

Based on the foregoing, and after reviewing the parties' briefing,

**IT IS ORDERED** denying Plaintiff's "Motion to Exclude Expert Witness Timothy Gay, CPA" (Doc. 150).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Exclude Defendants' Expert Witness Charles Thompson" (Doc. 153).

**IT IS FURTHER ORDERED** denying Defendants' "Motion in Limine to Preclude the Testimony of Plaintiff's Expert Mark Kelman" (Doc. 154).

Dated this 10th day of October, 2018.

_____
Eileen S. Willett
United States Magistrate Judge