WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Corzo, | No. CV-15-02552-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Community College District, et al., | |
| Defendants. | |

The Court has reviewed: (i) Plaintiff's Motion for Partial Summary Judgment (Doc. 151); (ii) Defendant Glaspers' Motion for Summary Judgment (Doc. 155); and (iii) Defendant Maricopa County Community College District's (the "District") Motion for Summary Judgment (Doc. 156).[1] Defendants have joined in one another's Motion for Summary Judgment. (Doc. 157). Plaintiff's "Objection to Defendants' Notice of Joinder Regarding Separate Motions for Summary Judgment" (Doc. 166) is overruled. *See* Fed. R. Civ. P. 1. For the reasons set forth herein, Plaintiff's and Defendant Glasper's Motions (Docs. 151, 155) are denied and the District's Motion (Doc. 156) is granted in part and denied in part.[2]

---

[1] The parties have consented to proceeding before a Magistrate Judge pursuant to Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). (Doc. 9).

[2] Although requested, the Court does not find that oral argument on the Motions would assist the Court in its determination of the issues. The parties have fully briefed their respective positions. Therefore, oral argument is unnecessary, and the parties'

## I. BACKGROUND

This action arises out of the termination of Plaintiff's 28-year career in the District's Information Technology Services Department following database breaches in 2011 and 2013. (Doc. 190, ¶ 1; Doc. 159, ¶¶ 34, 41; Doc. 192, ¶¶ 34, 41). In May 2013, the District issued a Staff Policy Manual that attached as Appendix C a separate group manual for "Management, Administrative, & Technical" ("MAT") employees (collectively, the "MAT Policy Manual" or the "Manual"). (Doc. 159, ¶ 1; Doc. 192, ¶ 1). Plaintiff was a MAT group employee. (Doc. 190, ¶ 11). The Manual distinguishes between "classified" and "unclassified" employees. (*Id.*, ¶ 12). The Manual provides that MAT employees are "classified." (*Id.*). A process for terminating classified employees is detailed in the Manual. (Doc. 159, ¶ 2; Doc. 192, ¶ 2). In his eleven-count Second Amended Complaint, Plaintiff alleges that the Manual created an employment contract and that the District failed to follow the procedures therein when it terminated his employment on July 22, 2014.[3] (Doc. 16, ¶¶ 339-43).

## II. LEGAL STANDARDS

Summary judgment is appropriate if the evidence, when reviewed in a light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law determines which facts are material in a case and "only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air,*

---

request is denied.

[3] The following three counts were dismissed pursuant to the parties' stipulation: (i) Count VI—Violation of 42 U.S.C. § 1981 (Against the District and Chancellor Glasper); (ii) Count VII—Violation of Title VII (Against the District); and (iii) Count IX—Violation of the ADEA (Against the District). (Doc. 72).

*Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

Because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Anderson,* 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59 (1970)); *Harris v. Itzhaki,* 183 F.3d 1043, 1051 (9th Cir. 1999) ("Issues of credibility, including questions of intent, should be left to the jury.") (citations omitted).

When moving for summary judgment, the burden of proof initially rests with the moving party to present the basis for his motion and to identify those portions of the record and affidavits that he believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the movant fails to carry his initial burden of production, the non-movant need not produce anything further. The motion for summary judgment would then fail. However, if the movant meets his initial burden of production, then the burden shifts to the non-moving party to show that a genuine issue of material fact exists and that the movant is not entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 248, 250; *Triton Energy Corp. v. Square D. Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in his favor. *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288-89 (1968). However, he must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v.Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal citation and emphasis omitted); *see* Fed. R. Civ. P. 56(c)(1).

Conclusory allegations unsupported by factual material are insufficient to defeat a

motion for summary judgment. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); s*ee also Soremekun v. Thrifty Payless, Inc.,* 502 F.3d 978, 984 (9th Cir. 2007) ("[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment"). Nor can such allegations be the basis for a motion for summary judgment.

## III. DISCUSSION

### A. Count I

In Count I, Plaintiff alleges wrongful termination in violation of ARIZ. REV. STAT. § 23-1501(A)(3)(c)(ii). (Doc. 16, ¶ 319-25). ARIZ. REV. STAT. § 23-1501 was enacted as part of the Arizona Employment Protection Act ("AEPA"), which "was intended to narrow the availability of wrongful termination claims." *Galati v. America West Airlines, Inc.*, 69 P.3d 1011, 1014 n.4 (Ariz. Ct. App. 2003). Under ARIZ. REV. STAT. § 23-1501(A)(3)(c)(ii), an employee has the right to bring a claim for wrongful termination if he or she is terminated in retaliation for disclosing to certain personnel that the employer "has violated, is violating or will violate the Constitution of Arizona or the statutes of this state." ARIZ. REV. STAT. § 23-1501(B), however, provides that " If the statute provides a remedy to an employee for a violation of the statute, the remedies provided to an employee for a violation of the statute are the exclusive remedies for the violation of the statute or the public policy prescribed in or arising out of the statute."

To succeed on Count I, Plaintiff must establish three elements: (i) that he had a good faith, reasonable belief that the District violated or was violating state law; (ii) that he disclosed his belief in a reasonable manner to someone that he believed had the authority to investigate the alleged violation and take action to prevent further violations; and (iii) that his disclosure was a substantial motivating factor in the District's decision to terminate his employment. *See Murcott v. Best Western Int'l, Inc.*, 9 P.3d 1088 (2000).

Here, Plaintiff alleges that he made a good faith effort to report to the District a violation of ARIZ. REV. STAT. § 15-141(A), which pertains to the release of educational records. (Doc. 16, ¶¶ 20, 319-23). Although the parties agree that ARIZ. REV. STAT. §

15-141 provides its own remedy for violations, Plaintiff asserts that "no part of A.R.S. § 15-141 gives a remedy to an **employee** who reports a violation or potential violation of an educational institution's student record keeping obligations." (Doc. 188 at 10) (emphasis in original). Plaintiff contends that the District "mistakenly conflate[s] the remedy available to the parents or students regarding the disclosure of educational records as a remedy available to the employee." (*Id.*).

The preamble to the AEPA states: "If a statute provides an express remedy *for a cause of action,* that remedy is the exclusive remedy for the violation of the statute or the public policy arising out of the statute." *Taylor v. Graham County Chamber of Commerce*, 33 P.3d 518, 522 (2001) (emphasis in original) (quoting 1996 Ariz. Sess. Laws, ch. 140, § 1(G)). Based on legislative history, the Arizona Court of Appeals concluded that "the legislature clearly did not intend for the [A]EPA to authorize a wrongful termination action based on violation of another statute's public policy when that statute 'provides an express remedy for a cause of action,' *even if such remedy is unavailable to a particular employee/claimant due to the employer's size or otherwise.*" *Id.* at 522-23 (emphasis added).

*Taylor* is distinguishable from this case as it involved ARIZ. REV. STAT. § 23-1501(A)(3)(b), not § 23-1501(A)(3)(c)(ii). The Court, however, need not decide the applicability of *Taylor* to this case as the Court finds that Plaintiff has failed to produce sufficient evidence showing that (i) Plaintiff made a good faith effort to report a violation of ARIZ. REV. STAT. § 15-141 and (ii) the District retaliated against Plaintiff for making such a report. (Doc. 156 at 13 n.6; Doc. 204 at 10 n.8). The Court does not find that the clear purpose of Plaintiff's October 24, 2012 Grievance Letter was to inform Defendants of a violation of ARIZ. REV. STAT. § 15-141(A). The Court will grant summary judgment in favor of Defendants on Count I. *See, e.g.*, *Gray v. Motorola, Inc.*, No. CV07-1466-PHX-MHM, 2009 WL 3173987, at *18 (D. Ariz. Sept. 30, 2009) (citing *Dahlberg v. Lutheran Social Services of North Dakota*, 625 N.W.2d 241, 256 (N.D. 2001), which concluded that based on the record, "reasonable minds could only conclude that

[Plaintiff's] statements . . . were made for the purpose of questioning disparate discipline of staff for incidents of inadequate supervision and not for the purpose of reporting an illegality").

### B. Counts II, III, IV

Plaintiff alleges that the MAT Policy Manual constitutes a contract between the District and Plaintiff. (Doc. 16, ¶ 339). In Count II, Plaintiff alleges wrongful termination in violation of an employment contract, ARIZ. REV. STAT. § 23-1501(A)(3)(a). (*Id.*, ¶¶ 326-36). Counts III and IV present claims alleging a breach of contract and breach of the implied covenant of good faith and fair dealing. (*Id.*, ¶¶ 337-56).[4]

To state a claim for relief under ARIZ. REV. STAT. § 23-1501(A)(3)(a), Plaintiff must establish the existence of an employment contract, which requires:

> [A] written contract . . . setting forth that the employment relationship shall remain in effect for a specified duration of time or otherwise **expressly restricting the right of either party to terminate the employment relationship**. Both the **employee** and the employer must sign this written contract, or this written contract must be set forth in the employment handbook or manual or any similar document distributed to the **employee**, **if that document expresses the intent that it is a contract of employment**, or this written contract must be set forth in a writing signed by the party to be charged.

---

[4] Defendants' argument that Counts III and IV are barred by the one-year statute of limitations set forth in ARIZ. REV. STAT. § 12-541(3) is without merit. (Doc. 156 at 14). "The determination of when a cause of action accrues requires an analysis of the elements of the claim presented." *Glaze v. Larsen*, 83 P.3d 26, 29 (Ariz. 2004). One of the elements of a breach of contract action is damages. *Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004) ("It is well established that, in an action based on breach of contract, the plaintiff has the burden of proving the existence of a contract, breach of the contract, and resulting damages."). The Court is persuaded by Plaintiff's assertion that the District's alleged breach of its "pre-termination procedures do not result in an injury unless [Plaintiff] is terminated. (Doc. 188 at 14).

ARIZ. REV. STAT. § 23-1501(A)(2) (emphasis added).

Defendants assert that the alleged employment contract does not satisfy any of the statutory requirements of ARIZ. REV. STAT. § 23-1501(2), and therefore, the employment relationship between the parties was terminable at will. In contending that a statutory employment contract exists under ARIZ. REV. STAT. § 23-1501(2), Plaintiff asserts that the MAT Policy Manual expresses the intent to be an employment contract. (Doc. 188 at 11).

In *Taylor v. Graham County Chamber of Commerce.* 33 P.3d 518 (2001), the Arizona Court of Appeals addressed the issue of whether an employee manual "expresses the intent that it is a contract of employment" and "expressly restrict[s] the right of either party to terminate the employment relationship" for breach of contract under the AEPA. The employee manual at issue in *Taylor* explicitly disclaimed that it was not an expressed or implied contract. *Id.* at 194. The manual also stated that the company reserved the right to terminate an employee at any time and that the employment was "terminable at will." *Id.* The Arizona Court of Appeals affirmed the trial court's summary judgment ruling in favor of the employer, holding that under the clear language in the manual, the plaintiff failed to satisfy the statutory requirements of the AEPA. *Id.* at 195.

Here, in contrast to *Taylor*, the MAT Policy Manual does not explicitly disclaim that it is not intended to be a contract. *See Shaver v. Twin City Hardware Co.*, No. 2:10-CV-01868 JWS, 2010 WL 5297230, at *3 (D. Ariz. Dec. 20, 2010) ("Disclaimers in employment handbooks are effective if they reinforce at will status because their presence precludes a reasonable conclusion that the employer intended to commit to additional terms."). As Plaintiff recounts (Doc. 188 at 12), the Manual contains a number of provisions outlining purported rights of classified employees. For example, the Manual states "Upon the recommendation of the Chancellor and approval by the Governing Board, a MAT employee may be dismissed for cause. The employee shall have access to the following due-process procedures." (Doc. 160-2 at 48). Yet the Manual does not explicitly state that it constitutes an employment contract with respect to

classified employees. The Court finds a genuine issue of fact for determination by a jury. *See Tabler v. Indus. Comm 'n,* 47 P.3d 1156, 1159 (Ariz. Ct. App. 2002) (the determination of intent to contract is a question of fact); *Beloozerova v. Dignity Health*, No. CV-18-01976-PHX-DGC, 2018 WL 3660043 (D. Ariz. Aug. 2, 2018). There is also a genuine issue of material fact as to whether Plaintiff failed to mitigate his damages. Defendants' Motion for Summary Judgment (Doc. 156) as to Counts II, III, and IV is denied. Plaintiff's Motion for Partial Summary Judgment (Doc. 151) also is denied.

### C. Defamation Count[5]

The Second Amended Complaint alleges that Defendants knowingly made false and malicious statements about Plaintiff during termination proceedings. (Doc. 16, ¶¶ 357-66). Defendants assert that Plaintiff's defamation claim is barred by the privilege of qualified immunity. (Doc. 156 at 3). "To avoid summary judgment pursuant to the qualified privilege that protects such reports, plaintiffs must produce clear and convincing evidence" that the reporting party abused the privilege. *Advanced Cardiac Specialists, Chartered v. Tri-City Cardiology Consultants, P.C.*, 214 P.3d 1024, 1028 (Ariz. Ct. App. 2009). "[T]he plaintiff may [ ] prove an abuse of [the] privilege either by proving publication with 'actual malice' or by demonstrating excessive publication." *Green Acres Trust v. London*, 688 P.2d 617, 624 (1984).

"Abuse through excessive publication results from publication to an unprivileged recipient not reasonably necessary to protect the interest upon which the privilege is grounded." *Id*. "An abuse through 'actual malice' occurs when the defendant makes a statement knowing its falsity or actually entertaining doubts about its truth." *Id*. To prevail at trial, Plaintiff must demonstrate actual malice by "clear and convincing evidence." *Selby v. Savard*, 655 P.2d 342, 345 (Ariz. 1982). "The proof of 'actual

---

[5] The Second Amended Complaint incorrectly labels this claim as Count IV as it is actually the fifth claim. For clarity of the record, the Court will refer to the claim set forth in Paragraphs 357-66 as the "Defamation Claim" and will refer to the remaining counts in accordance with the labels provided in the Second Amended Complaint.

malice' calls a defendant's state of mind into question and does not readily lend itself to summary disposition." *Hutchinson v. Proxmire*, 443 U.S. 111, 120 n.9 (1979). A defendant's alleged "subjective belief in the truth of the matter published" is sufficient to escape liability. *Selby*, 655 P.2d at 345. "[P]roof of the necessary state of mind could be in the form of objective circumstances from which the ultimate fact could be inferred." *Herbert v. Lando*, 441 U.S. 153, 160 (1979).

"While recklessness may be found where a defendant deliberately ignores evidence indicating that a published statement is in fact false, '[i]t is well established that failure to investigate, sloppy investigation, poor reporting practice and the like are not per se actual malice.'" *Heuisler v. Phoenix Newspapers, Inc.,* 812 P.2d 1096, 1101 (Ariz. Ct. App. 1991) (citation omitted); *see also Levesque v. Doocy*, 560 F.3d 82, 90 (1st Cir. 2009) (finding that recklessness "amounting to actual malice may be found where a publisher . . . deliberately ignores evidence that calls into question his published statements"). Plaintiff has not produced sufficient evidence showing that Defendants deliberately ignored evidence that should have given rise to serious doubts about the truth of the statements they were making. There is no evidence of excessive publication. The Court finds that Plaintiff has not presented sufficient evidence to defeat summary judgment on the issue of qualified privilege. *See Heuisler*, 812 P.2d at 1101. Defendants' Motion for Summary Judgment on Plaintiff's Defamation Claim is granted. *See Carboun v. City of Chandler*, No. CV-03- 2146-PHX-DGC, 2005 WL 2408294, at *8 (D. Ariz. Sept. 27, 2005) (granting summary judgment where a reasonable jury could not be "clearly convinced from [the plaintiff's] evidence that [the defendant] acted with malice"); *see also Aspell v. Am. Contract Bridge League of Memphis, Tenn.*, 595 P.2d 191, 193 (Ariz. Ct. App. 1979) (court can dispose of malice issue on summary judgment where non-moving party presents no evidence of malice).

**D. Count V- Violation of 42 U.S.C. § 1983**

Defendants move for summary judgment on Count V, which alleges that Plaintiff "has been deprived of his property interest in his public job and liberty interest in his

good name without due process in violation of the Fourteenth Amendment of the Constitution of the United States." (Doc. 16, ¶ 374). To establish a claim under Section 1983, Plaintiff "must show that an individual acting under the color of state law deprived him of a right, privilege, or immunity protected by the United States Constitution or federal law." *Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008). To state a due process violation, Plaintiff must show that he was deprived of either a property or liberty interest without receiving the process that he was constitutionally due. *Id.*

Defendants concede that Plaintiff had a property interest in his job with the District that could be removed only through due process. (Doc. 151 at 2). The Court finds that Plaintiff has presented sufficient evidence to defeat summary judgment as to Count V. Defendants' Motion for Summary Judgment therefore is denied as to Count V.

### E. Counts VIII and X- Retaliation Claims

In Count VIII, Plaintiff alleges that he "has been subjected to retaliation by the District and its management, supervisors, employees and agents in direct contravention of 42 U.S.C. § 2000e-3(a)." (Doc. 16, ¶ 401). In Count X, Plaintiff contends that he engaged in protected activity when he complained verbally and in writing regarding alleged discrimination based on age and that the District retaliated against him in violation of the Age Discrimination in Employment Act. (*Id.*, ¶¶ 415-19).

To establish a prima facie case of retaliation, Plaintiff must demonstrate that (i) he had engaged in a protected activity; (ii) he was thereafter subjected by the District to an adverse employment action; and (iii) a causal link existed between the protected activity and the adverse employment action. *Porter v. California Dept. of Corrections*, 419 F.3d 885, 894 (9th Cir. 2005) (citation omitted). If Plaintiff provides sufficient evidence to show a prima facie case of retaliation, then the burden shifts to Defendant to articulate some legitimate, non-retaliatory reason for its actions. *Id.* If Defendant sets forth such a reason, then Plaintiff bears the burden of submitting evidence to establish that Defendant's proffered reason is merely a pretext for an underlying retaliatory motive. *Id.; Johnson v. Transportation Agency, Santa Clara County, California*, 480

U.S. 616, 626 (1987) ("Once a plaintiff establishes a prima facie case that race or sex has been taken into account in an employer's employment decision, the burden shifts to the employer to articulate a nondiscriminatory rationale for its decision.").

Causation "may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987). Proximity of time between a protected activity and an adverse action may support an inference of causation. *Ray v. Henderson,* 217 F.3d 1234, 1244 (9th Cir. 2000); *Villarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) ("[I]n order to support an inference of retaliatory motive, the termination must have occurred fairly soon after the employee's protected expression.") (internal quotation marks and citation omitted). However, "[i]t is important to emphasize that it is causation, not temporal proximity itself, that is an element of plaintiff's prima facie case, and temporal proximity merely provides an evidentiary basis from which an inference can be drawn." *Porter,* 383 F.3d at 895 (internal quotation marks and citation omitted). "Although a lack of temporal proximity may make it more difficult to show causation, 'circumstantial evidence of a 'pattern of antagonism' following the protected conduct can also give rise to the inference.'" *Id.* (quoting *Kachmar v. SunGard Data Sys., Inc.,* 109 F.3d 173, 177 (3rd Cir.1997)).

Viewing the evidence in the light most favorable to Plaintiff (the nonmoving party), the Court concludes that Plaintiff has provided sufficient evidence to defeat summary judgment as to Counts VIII and X. Defendants' Motion for Summary Judgment (Doc. 156) thus is denied as to Counts VIII and X.

**F. Punitive Damages**

Defendants also move for summary judgment on plaintiff's request for punitive damages. "To recover punitive damages something more is required over and above the 'mere commission of a tort.'" *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 679 (Ariz. 1986) (quoting *Rawlinqs v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986)). As

explained by the Arizona Supreme Court,

> [T]o obtain punitive damages, plaintiff must prove that defendant's evil hand was guided by an evil mind. The evil mind which will justify the imposition of punitive damages may be manifested in either of two ways. It may be found where defendant intended to injure the plaintiff. It may also be found where, al-though not intending to cause injury, defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

*Rawlinqs*, 726 P.2d at 578.

> In whatever way the requisite mental state is expressed, the conduct must also be aggravated and outrageous. It is conscious action of a reprehensible character. The key is the wrongdoer's intent to injure the plaintiff or his deliberate interference with the rights of others, consciously disregarding the unjustifiably substantial risk of significant harm to them.

*Linthicum*, 723 P.2d at 680.

Gross negligence or reckless disregard is not sufficient to justify an award of punitive damages. *Id.* at 680. "To recover punitive damages, the plaintiff must prove that defendant acted with the requisite evil mind 'by clear and convincing evidence.'" *Thompson v. Better-Bilt Aluminum Products Co.*, 832 P.2d 203, 210 (Ariz. 1992) (quoting *Linthicum*, 723 P.2d at 681). "The question of whether punitive damages are justified should be left to the jury if there is any reasonable evidence which will support them." *Farr v. Transamerica Occidental Life Ins. Co. of Calif.*, 699 P.2d 376, 384 (Ariz. Ct. App. 1984). "The evidence, however, must be more than slight and inconclusive such as to border on conjecture." *Id.*

After reviewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to present sufficient evidence to defeat summary judgment regarding his claim for punitive damages. Defendants' Motion for Summary Judgment (Doc. 156) therefore is granted on that issue.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's Motion for Partial Summary Judgment

(Doc. 151).

**IT IS FURTHER ORDERED** denying Plaintiff's "Objection to Defendants' Notice of Joinder Regarding Separate Motions for Summary Judgment" (Doc. 166).

**IT IS FURTHER ORDERED** denying Defendant Glasper's Motion for Summary Judgment (Doc. 155).

**IT IS FURTHER ORDERED** denying in part and granting in part the District's Motion for Summary Judgment (Doc. 156) as set forth herein.

**IT IS FURTHER ORDERED** dismissing Count I of the Second Amended Complaint.

**IT IS FURTHER ORDERED** dismissing the Defamation Claim set forth in the Second Amended Complaint.

**IT IS FURTHER ORDERED** dismissing Plaintiff's claim for punitive damages.

Dated this 10th day of October, 2018.

_____
Eileen S. Willett
United States Magistrate Judge