WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Miguel Corzo,

    Plaintiff,

v.

Maricopa County Community College District, et al.,

    Defendants.

No. CV-15-02552-PHX-ESW

**ORDER**

This Order sets forth the Court's rulings on Defendants' (i) "Notice of Motion and Motion for *Daubert* Hearing to Exclude the Testimony of Plaintiff's Economic Expert Mark R. Hughes" (Doc. 221) and (ii) "Notice of Motion and Motion for *Daubert* Hearing to Preclude the Testimony of Plaintiff's Expert Mark Kelman as to the Alleged Futility of Plaintiff's Applying for Work in the IT Field" (Doc. 252).

As the Court has previously explained (Doc. 207 at 1-2), the Court has a "gatekeeping responsibility" to ensure that expert testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline." *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 (1993)). "This obligation does not, however, require the court to hold a separate *Daubert* hearing." *United States v. Alatorre*, 222 F.3d 1098, 1102 (9th Cir. 2000) ("Nowhere . . . does the Supreme Court mandate the form that the inquiry into reliability and relevance must take. . . ."); *United States v. Jawara*, 474 F.3d 565, 582-83 (9th Cir.

2007).

The Court has reviewed the briefing concerning Defendants' "Notice of Motion and Motion for *Daubert* Hearing to Exclude the Testimony of Plaintiff's Economic Expert Mark R. Hughes" (Doc. 221). Plaintiff asserts that "[b]ecause the collateral source rule applies to this case, Defendants' Motion to Exclude Mark Hughes must be denied." (Doc. 335 at 2). In a separate Order, the Court denied Plaintiff's Motion in Limine No. 1 (Doc. 229) after concluding that the collateral source rule does not apply to Plaintiff's receipt of payments from the Arizona State Retirement System. (Doc. 340 at 3). The Court finds that Mr. Hughes' expert report is inadmissible at trial because its relevance is outweighed by the factors set forth in Fed. R. Evid. 403. The Court notes, however, that Defendants do not appear to be questioning Mr. Hughes' qualifications, methods, or reliability, merely his conclusion that the collateral source rule applies to this case and his calculations made based upon that assumption. If necessary, counsel may voir dire Mr. Hughes at the time of trial regarding his knowledge and experience in his discipline as well as his methodology. If proper foundation is laid for Mr. Hughes' qualifications and methodology within his discipline, his testimony will be admitted for calculations which are not based on the application of the collateral source rule. Defendants' request for a pretrial *Daubert* hearing is denied. *See Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.") (citing *Daubert*, 509 U.S. at 596); *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998) ("Disputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.") (internal quotation marks and citation omitted). Defendants may depose Mr. Hughes' again prior to trial to determine these calculations. The Court will deny Defendants' Motion (Doc. 221) to the extent set forth above.

In its October 11, 2018 Order (Doc. 207), the Court denied Defendants' "Motion in Limine to Preclude the Testimony of Plaintiff's Expert Mark Kelman" (Doc. 154). The

1  Court subsequently dismissed the claim presented in Count I of the Second Amended
2  Complaint, which alleged wrongful termination in violation of ARIZ. REV. STAT. § 23-
3  1501(A)(3)(c)(ii). (Doc. 208 at 4-6, 13). As Defendants' "Notice of Motion and Motion
4  for *Daubert* Hearing to Exclude the Testimony of Plaintiff's Economic Expert Mark
5  Kelman" (Doc. 252) correctly observes, there is no "whistleblower" claim at issue.
6  Therefore, the Court will grant Defendants' Motion (Doc. 252) to the following extent: Mr.
7  Kelman is precluded from testifying regarding Plaintiff's asserted status as a
8  "whistleblower," per se. The portions of Mr. Kelman's report concerning causes of action
9  which are dismissed are deemed inadmissible. The Court recognizes that Mr. Kelman's
10 research regarding termination may be relevant to Plaintiff's cause of action under 42
11 U.S.C. § 1983 based on an alleged violation of Plaintiff's First Amendment rights. Plaintiff
12 shall redact the report in conformity with the Court's ruling. Defendants' request for a
13 pretrial *Daubert* hearing will be denied. Counsel may voir dire Mr. Kelman at the time of
14 trial regarding his methodology and reliability.

15 Based on the foregoing,

16 **IT IS ORDERED** granting in part and denying in part Defendants' "Notice of
17 Motion and Motion for *Daubert* Hearing to Exclude the Testimony of Plaintiff's Economic
18 Expert Mark R. Hughes" (Doc. 221) as set forth herein. Mr. Hughes' expert report is
19 inadmissible at trial. Counsel may voir dire Mr. Hughes' at trial. Defendants may depose
20 Mr. Hughes prior to trial to determine his revised damages calculations which do not apply
21 the collateral source rule.

22 **IT IS FURTHER ORDERED** that Defendants' "Notice of Motion and Motion for
23 *Daubert* Hearing to Preclude the Testimony of Plaintiff's Expert Mark Kelman as to the
24 Alleged Futility of Plaintiff's Applying for Work in the IT Field" (Doc. 252) is granted in
25 part and denied in part as follows: Mark Kelman is precluded from testifying regarding
26 Plaintiff's asserted status as a "whistleblower," per se. The portions of Mr. Kelman's
27 report concerning dismissed causes of action shall be redacted and provided to the Court
28 for review. Counsel may voir dire Mr. Kelman at the time of trial.

**IT IS FURTHER ORDERED** setting a telephonic status conference for **Friday, February 1, 2019 at 2:00 p.m.** for the Court and counsel to discuss the redacted report of Mr. Kelman. Plaintiff's counsel shall provide a proposed redacted report to the Court and Defense counsel no later than **January 25, 2019**. Defense counsel shall initiate the conference call to Chambers.

Dated this 17th day of January, 2019.

_____
Eileen S. Willett
United States Magistrate Judge